Lundberg Stratton, J.,
dissenting.
{¶ 13} Because I believe that the Public Utilities Commission properly determined that the allegations made in Cellnet’s complaint against Ameritech are limited to the period of time from 1995 to 1998,1 respectfully dissent.
{¶ 14} An order issued by the commission will not be reversed on appeal unless it is “unreasonable, unlawful, or against the manifest weight of the evidence or shows misapprehension, mistake, or willful disregard of duty.” Cincinnati Bell Tel. Co. v. Pub. Util. Comm. (2001), 92 Ohio St.3d 177, 180, 749 N.E.2d 262.
{¶ 15} The majority’s holding is premised solely upon its determination that a complaint is sufficient to constitute a formal request to resell Ameritech’s mobile service. In reaching this determination, the majority completely ignores Cell-net’s initial communication with Ameritech regarding resale of Ameritech’s service and the commission’s analysis of that communication. Because I believe that this information is important in determining the outcome of this case, I will address it below.
{¶ 16} In 1993, Cellnet’s president spoke over the phone to an Ameritech executive regarding Cellnet becoming a reseller of Ameritech’s mobile service. However, no such deal materialized. In 1993, Cellnet filed a complaint against Ameritech alleging that it discriminated against Cellnet by selling Cellnet’s competitors service for less than it offered to sell such services to Cellnet.
{¶ 17} With regard to the 1993 phone call, the commission determined that “general telephone calls and conversations requesting a meeting to discuss the potential of becoming a reseller are no substitute for a formal request for service.” The commission concluded that “Cellnet ‘did not initially formally pursue the opportunity to serve in a reseller capacity but rather its efforts, at best, equated to the level of an informal inquiry regarding the possibility of becoming a reseller.’ ”
{¶ 18} Although the majority fails to address these communications, Cellnet complains that there is no legal requirement that a request for service must be formal. However, the commission did not espouse a specific legal standard for determining the sufficiency of a request for service; it merely made a finding of fact in this case that Cellnet’s efforts to request service from Ameritech were insufficient to place the onus on Ameritech to provide Cellnet service.
*170 {¶ 19} Cellnet argues that its 1993 inquiry about reselling Ameritech’s mobile service was sufficient and thus the commission’s order was against the manifest weight of the evidence. In support of this assertion, Cellnet offered evidence that during the 1993 phone conversation, an Ameritech executive provided resale rates to Cellnet’s president and told him that “someone” would contact Cellnet about its request to become a reseller. No one from Ameritech ever contacted Cellnet, and Cellnet took no further action. Cellnet claims that its actions and Ameritech’s inaction were sufficient to prove that Cellnet had requested service from Ameritech.
{¶ 20} I believe that Cellnet’s evidence does not conflict with the commission’s factual finding that Cellnet’s actions were insufficient to be characterized as a request for service. Clearly, the commission did not believe that merely asking for rates coupled with Ameritech’s failure to call Cellnet back could be characterized as a request for service. Therefore, I would affirm the commission’s finding that Cellnet did not formally request service from Ameritech because we do not substitute our judgment for that of the commission on evidentiary matters. Cincinnati Bell, 92 Ohio St.3d at 179, 749 N.E.2d 262.
{¶ 21} Cellnet argues that its 1993 complaint put Ameritech on notice that Cellnet wanted to resell Ameritech’s mobile service. The majority, while ignoring all of the factual findings recited above, finds that the complaint constituted notice. I disagree.
{¶ 22} A complaint is simply an allegation of facts that must be proven. The commission found that the allegations were not proven, i.e., that Cellnet never adequately requested service. The majority ignores the commission and instead concludes that the complaint became the notice. By doing so the majority transforms a complaint from mere allegations that must be proven into the actual vehicle of notice. We have thus done away with any need to take the preliminary steps, i.e., make an adequate request for service, and instead have substituted a complaint as the only necessary demand for service. That has never been the purpose of a complaint in our system of American law. We encourage litigation only after we address all prerequisites to filing the complaint. Under the majority’s decision there is nothing left to prove because the complaint becomes the substitute for prior action. If the General Assembly had intended under its regulatory scheme that a complaint be sufficient notice, it could have specified so.
{¶ 23} An analogy in the retail context makes the flaw in the majority’s decision more obvious. A customer wants phone service. The customer calls the phone company and inquires about rates. No one gets back to the customer. The customer then sues for service, claiming that no one ever came out and installed service, even though the customer never called back, followed up, or actually ordered the service. The court then awards the customer damages on *171 the basis that the complaint notified the phone company that the customer was really serious and wanted service. So instead of being able to answer the complaint and deny that the customer ever requested service, the phone company should have rushed out after the complaint was filed and installed service immediately. This simple analogy illustrates the problem with the majority’s conclusion that a complaint equates to a request for service.
Hahn, Loeser & Parks, L.L.P., Robert J. Fogarty, Randy J. Hart and Mark D. Griffin; Tricarichi & Carnes and Carla M. Tricarichi, for appellant.
Betty D. Montgomery, Attorney General, Duane W. Luckey, Steven T. Nourse and Jodi J. Bair, Assistant Attorneys General, for appellee.
Porter, Wright, Morris & Arthur, L.L.P., Kathleen M. Trafford and Daniel W. Costello, for intervening appellees New Par et al.
Calfee, Halter & Griswold, L.L.P., Mark I. Wallach, Kevin M. Sullivan and James F. Lang, for intervening appellee Cincinnati SMSA Limited Partnership.
{¶ 24} We run a grave danger that this decision creates new law in that it removes the obligation to take action before the complaint is filed and transforms a complaint into a demand. This decision may have implications reaching far beyond this case.
{¶ 25} The commission made a factual finding: Cellnet never formally requested service. Cellnet failed to prove the allegation in its complaint that it did make a request for service. The majority does not refute even that factual finding. Instead, it transforms the complaint itself into proof of one of its allegations. The majority has not really even substituted its judgment; it just created new law to warrant its conclusion.
{¶ 26} Accordingly, because I believe that the commission’s order was reasonable, lawful, and supported by the manifest weight of the evidence, I respectfully dissent.